UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL ROGAN,                  :
    Plaintiff,                  :
V.                              :    CASE NO. 3:08-CV-1745(RNC)
JAN LUND,                       :
    Defendant.                  :

RULING AND ORDER

Plaintiff Michael Rogan, a resident of the Town of Berlin, brings this action under 42 U.S.C. § 1983 against Jan Lund, formerly the Town's Animal Control Officer, seeking damages for alleged violations of his Fourteenth Amendment rights to equal protection and substantive due process. He alleges that she issued a citation to him for failing to restrain his dog without first granting him an interview as required by local law. Defendant has moved for summary judgment on both claims.[1] For reasons explained below, the motion is granted.

I. Summary Judgment

Summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). To avoid summary judgment, the plaintiff must point to evidence that would permit a jury to

---

[1] The complaint also contains a procedural due process claim but plaintiff's Local Rule 56(a)(2) statement makes it clear that this claim is not being pursued.

return a verdict in his favor. Id. In deciding whether this standard is met, the evidence in the record must be viewed in a light most favorable to the plaintiff.

II. Background

The parties' Local Rule 56(a) statements and supporting materials, viewed most favorably to the plaintiff, would permit a jury to find the following. On August 29, 2008, David Marquardt, Berlin's Assistant Animal Control Officer, received a call from Sally Rungee, who lives near the plaintiff. Rungee reported that the plaintiff's dog had been loose on or near her property for twenty minutes. On September 11, 2008, defendant Lund, acting in her capacity as the Town's Animal Control Officer, went to Rungee's residence and obtained a sworn statement from her. According to the statement, the plaintiff's dog had been in Rungee's yard numerous times.[2]

On September 15, 2008, the defendant mailed a citation to the plaintiff for failing to restrain his dog in violation of Town Ordinance 6-41. The violation carried a $100 fine. Before issuing the citation, the defendant failed to contact the plaintiff to obtain a statement from him as required by Town-Ordinance 6-6. Plaintiff did not appeal the citation, although

---

[2] Plaintiff states that he has received a letter from a neighbor who witnessed the defendant taking "gratuities" from Rungee's house on September 11. However, there is no admissible evidence in the record to support a finding that Rungee took gratuities from Rungee that day or any other time.

2

he was aware of his right to do so, and never paid the fine.

Plaintiff claims that the defendant treated him differently than similarly situated individuals. He points to an incident in May 2005, when his garage was invaded by a dog belonging to a neighbor named Ziegler. The police came and arrested Ziegler but only after interviewing him. In another incident, Rungee accused her neighbors, the Leghorns, of allowing their dog to defecate on her lawn. The Leghorns were interviewed before a citation was issued then successfully appealed. Finally, plaintiff points to an incident in May 2005 when he was interviewed by Marquardt before receiving a citation. As far as the record shows, defendant Lund was not involved in any of these incidents.[3]

The record discloses other incidents involving the parties and Rungee. In the summer of 2005, Rungee called the defendant and complained that the plaintiff's dog had been barking for over an hour. Rungee wanted to file a formal complaint and demanded that a ticket be issued to the plaintiff. The defendant took no action against the plaintiff, apparently because the barking dog belonged to someone else. In March 2008, Rungee complained that the plaintiff's dog was roaming without a leash. The defendant called the plaintiff's wife, relayed Rungee's complaint and explained that the dog was not permitted to roam on private

---

[3] Plaintiff has testified that there was yet another incident involving other neighbors, the Margnellis, but he could not recall whether it involved their dog.

property. No citation was issued.

III. Discussion

<u>Equal Protection</u>

Plaintiff's equal protection claim requires him to demonstrate that the defendant intentionally treated him differently than similarly situated individuals and that there was no rational basis for the difference in treatment. <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000). To prevail on this claim, the plaintiff must demonstrate an "extremely high degree of similarity" between himself and any comparator. <u>See Doninger v. Niehoff</u>, 527 F.3d 41, 53 (2d Cir. 2008).

Plaintiff's equal protection claim is unavailing because the evidence does not support a finding that the defendant intentionally treated him differently than similarly situated persons. He alleges that in several instances the defendant conducted an interview of the dog owner before issuing a citation. However, the evidence does not support a reasonable finding that the defendant was involved in any of those instances. Even assuming she was involved, there is no evidence that the owners in those cases had been the subject of as many prior complaints as the defendant or had previously received a citation for failure to restrain. Because the plaintiff has not identified a comparator who was treated differently by the defendant, summary judgment is proper on the equal protection

claim.

### Substantive Due Process

Plaintiff's substantive due process claim requires him to prove that the defendant engaged in conduct that is arbitrary or conscience-shocking. Interport Pilots Agency v. Sammis, 14 F.3d 133, 144 (2d Cir. 1994). Plaintiff asserts that the defendant's issuance of a citation without giving him an interview constitutes harassment and that the defendant's improper action was motivated by a personal relationship between the defendant and Rungee. This claim is also unavailing.

"[A] true pattern of harassment by government officials may make out a section 1983 claim for violation of due process of law." Chalfy v. Turoff, 804 F.2d 20, 22 (2d Cir. 1986). In the present case, no reasonable jury could find that the defendant's issuance of a citation to the plaintiff constituted conscience-shocking harassment. As mentioned above, undisputed evidence shows that on at least two prior occasions, the defendant refrained from issuing a citation to the plaintiff, notwithstanding Rungee's request that she do so. Accordingly, summary judgment is also proper on the substantive due process claim.

III. Conclusion

For the foregoing reasons, the defendant's motion for summary judgment [doc. 24] is hereby granted. The Clerk will

enter judgment and close the file.

So ordered this 30th day of September 2010.

/s/ Robert N. Chatigny
Robert N. Chatigny
United States District Judge